IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE RAIT FINANCIAL TRUST SECURITIES LITIGATION | Master File No. 2:07-cv-03148-LDD |

ORDER PRELIMINARILY APPROVING SETTLEMENT AND
SETTING SETTLEMENT HEARING

WHEREAS:

A.      Lead Plaintiff and Defendants RAIT Financial Trust ("RAIT"), Betsy Z. Cohen, Daniel G. Cohen, Ellen J. DiStefano, Jack E. Salmon, Edward S. Brown, Frank A. Farnesi, S. Kristin Kim, Arthur Makadon, Daniel Promislo, John F. Quigley III, Murray Stempel III, Friedman, Billings, Ramsey Group, Inc., FBR Capital Markets Corp., Bear, Stearns & Co. Inc., UBS Securities LLC, RBC Capital Markets Corporation, KeyBanc Capital Markets, Stifel, Nicolaus & Company, Inc., BMO Capital Markets Corporation, Piper Jaffray & Co., and RBC Dain Rauscher (n/k/a RBC Capital Markets Corporation) ("Settling Defendants") have entered into a Stipulation and Settlement Agreement dated July 15, 2009 (the "Stipulation") in full and final settlement of each and every Settled Claim against Settling Defendants and the other Released Parties (the "Settlement"), the terms of which are set forth in the Stipulation;

B.      Lead Plaintiff and Settling Defendants have submitted a Motion for Preliminary Approval of Settlement, Certification of Class for Settlement Purposes, and Approval of Notice to the Class (Doc. No. 139), pursuant to Rule 23(e) of the Federal Rules of Civil Procedure; and

C. The Court having read and considered this Motion (Doc. No. 139) as well as the Stipulation and all exhibits thereto, including the proposed (i) Notice to the Class; (ii) Claim Form; and (iii) Judgment, and finding that substantial and sufficient grounds exist for entering this Order.

AND NOW, THEREFORE, this 4th day of September 2009, it is hereby ORDERED as follows:

1. The Court, for purposes of this Order, adopts all defined terms as set forth in the Stipulation.

2. The Court hereby certifies the Consolidated Action to proceed as a class action for purposes of the Settlement only, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of all persons and entities that acquired the securities of RAIT during the period from June 8, 2006 through August 3, 2007, inclusive, including securities purchased in the January 2007 Common Stock Offering, the July 2007 Preferred Stock Offering, and the April 2007 Note Offering, and who suffered damages as a result. Excluded from the Class are (i) Defendants; (ii) members of the immediate families of the Individual Defendants; (iii) the subsidiaries and affiliates of the Defendants; (iv) any person or entity who is a partner, executive officer, director, trustee, or controlling person of RAIT or Taberna or of any other Defendant (including any of their subsidiaries or affiliates); (v) any entity in which any Defendant has a controlling interest; (vi) the Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; and (vii) the legal representatives, heirs, successors and assigns of any such excluded party. Also excluded from the Class are any persons who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

3. The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named representative are typical of the claims of the Class it seeks to represent; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff Brahman Capital Corp. is an adequate class representative and certifies it as Class Representative for the Class. The Court further certifies Lead Counsel as Class Counsel.

5. The Court preliminarily approves the Settlement on the terms set forth in the Stipulation, subject to further consideration at the Settlement Hearing to be held before this Court on Thursday, December 10, 2009, at 10:00 a.m., at the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Courtroom 6A, Philadelphia, Pennsylvania 19106 (the "Settlement Hearing"):

(a) to determine whether this Consolidated Action should be finally certified, for settlement purposes, as a class action under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

(b) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

(c) to determine whether the Settled Claims against the Released Parties should be dismissed with prejudice as set forth in the Stipulation;

(d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e) to determine whether the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses incurred should be approved; and

(f) to rule upon such other matters as the Court may deem appropriate.

6. The Court reserves the right to approve the Settlement and/or the Plan of Allocation with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Judgment approving the Settlement and dismissing the Settled Claims against the Released Parties with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and Litigation Expenses.

7. The Court approves the form, substance and requirements of the Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"); the Summary Notice of Proposed Settlement, Settlement Fairness Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Publication Notice") (together the "Settlement Notices"); and the Proof of Claim and Release form ("Claim Form"), and finds that the procedures established for publication, mailing and distribution of such Settlement Notices and the Claim Form substantially in the manner and form set forth in ¶¶ 8 and 9 of this Order

constitute the best notice practicable under the circumstances and are in full compliance with the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

8. Lead Counsel shall cause the Notice and the Claim Form, substantially in the forms annexed hereto as Exhibits 1 and 2, respectively, to be mailed, by first class mail, postage prepaid, on or before Friday, September 25, 2009, to all Class Members at the address of each such person, as set forth in the records of RAIT or its transfer agent(s) and in the records of the Underwriter Defendants, or who otherwise may be identified through reasonable effort. On or before Monday, September 14, 2009, RAIT and the Underwriter Defendants shall provide the Claims Administrator with their securities holders lists (consisting of shareholder names and addresses), in electronic form, for providing notice to the Class. RAIT and the Underwriter Defendants shall bear all costs or expenses associated with providing the Claims Administrator with such records. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Claim Form.

9. Lead Counsel shall cause the Publication Notice, substantially in the form annexed hereto as Exhibit 3, to be published once each in the national edition of *The Wall Street Journal* and over the *PR Newswire* on or before Friday, October 9, 2009. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Publication Notice.

10. To effectuate the provision of notice provided for in paragraph 7 hereof, Lead Counsel or its agents shall lease and maintain a post office box of adequate size for the return of

Claim Forms. All Notices to the Class shall designate said post office box as the return address for the purposes designated in the Notices. Lead Counsel or its agents shall be responsible for the receipt of all responses from the Class and, until further order of the Court, shall preserve all entries of appearance, Claim Forms, and all other written communications from Class Members, nominees or any other person or entity in response to the Notices.

11. Lead Counsel shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who acquired RAIT securities during the Class Period as record owners but not as beneficial owners. Such nominees who hold or held such RAIT securities for beneficial owners who are Class Members are directed to send a copy of the Notice and the Claim Form to the beneficial owner of the shares postmarked no more than fourteen (14) days from the date of receipt of the Notice, or to provide the names and addresses of such persons no later than fourteen (14) days from the date of receipt of the Notice to the Claims Administrator, c/o The Garden City Group, Inc., at the address specified in the Notice, who shall promptly send a copy of the Notice and Claim Form to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund.

12. The Court approves the selection of The Garden City Group, Inc. by Lead Counsel as the Claims Administrator. Lead Counsel may pay from the Settlement Fund, without further approval from Settling Defendants or further order of the Court, all Notice and Administration Costs actually incurred. Such costs and expenses shall include, without

limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing Notice and processing the submitted claims, and the fees, if any, of the Escrow Agent.

13. Lead Counsel or its agents are authorized and directed to prepare any tax returns required to be filed for the Escrow Account and to cause any Taxes due and owing to be paid from the Escrow Account without further Order of the Court, and to otherwise perform all obligations with respect to Taxes and any reportings or filings in respect thereof as contemplated by the Stipulation without further order of the Court.

14. Lead Counsel shall submit its papers in support of final approval of the Settlement, the Plan of Allocation, and the application for attorneys' fees and reimbursement of Litigation Expenses by no later than Thursday, December 3, 2009.

15. Class Members shall be bound by all determinations and judgments in this Consolidated Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request in written form by first-class mail to the address designated in the Notice, such that it is received no later than Tuesday, November 17, 2009. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class in the *In re RAIT Financial Trust Securities Litigation*, and must be signed by such person. Such persons requesting exclusion are also directed to state: the date(s), price(s), and number(s) of shares of all acquisitions and sales of RAIT securities during the Class Period. The request for exclusion

shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16. Any person or entity that requests to be and is excluded from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

17. Any member of the Class who has not requested exclusion from the Class may appear at the Settlement Hearing to show cause why the proposed Settlement should not be approved as fair, reasonable and adequate; why a judgment should not be entered thereon; why the Plan of Allocation should not be approved as fair and reasonable; or why Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should not be granted, *provided, however*, that no member of the Class shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Judgment to be entered approving the same, the Plan of Allocation or the attorneys' fees and reimbursement of Litigation Expenses requested, unless no later than Tuesday, November 17, 2009, such Class Member has served by hand or by overnight delivery written objections setting forth the basis therefore, and copies of any supporting papers and briefs (which must contain proof of all acquisitions of RAIT securities during the Class Period), upon Lead Counsel, Chad Johnson, Esq., Bernstein Litowitz Berger & Grossmann LLP, 1285 Avenue of the Americas, New York, New York 10019, and counsel for RAIT and individual defendants Daniel G. Cohen, Betsy Z. Cohen, Ellen J. DiStefano and Jack E. Salmon, Barbara W. Mather, Esq., Pepper Hamilton LLP, 3000 Two Logan Square, 18th & Arch Streets, Philadelphia, Pennsylvania 19103-2799 ("RAIT's Counsel"), who will then provide copies to counsel for the other Settling Defendants, and has filed said objections, papers and briefs, showing due proof of service upon Lead Counsel and

RAIT's Counsel, with the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, Pennsylvania 19106.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or to Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

18. Any Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Judgment to be entered approving the Settlement, the fairness and reasonableness of the Plan of Allocation, or the attorneys' fees and reimbursement of Litigation Expenses requested.

19. In order to be entitled to participate in the Settlement, in the event the Settlement is effected in accordance with all of the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Claim Form, substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than Monday, January 25, 2010.  Such deadline may be further extended by Court Order.  Each Claim Form shall be deemed to have been submitted when mailed (if properly addressed and mailed by first-class or overnight U.S. Mail, postage prepaid) provided such Claim Form is actually received prior to the motion for an Order of the Court approving distribution of the Net Settlement Fund.  Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b) The Claim Form submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Class Member must be included with the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

(c) As part of the Claim Form, each Class Member shall submit to the jurisdiction of the Court with respect to the Claim submitted.

20. The Court expressly reserves the right to adjourn the Settlement Hearing, or any adjournment thereof, without any further notice to Class Members other than an announcement at the Settlement Hearing, or any adjournment thereof, and to approve the Stipulation and/or the Plan of Allocation with modification approved by the parties to the Stipulation without further notice to Class Members.

21. None of the Settling Defendants, nor any other Released Party, shall have any responsibility whatsoever for the Plan of Allocation nor for any application for attorneys' fees or reimbursement of Litigation Expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

22. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any of the Released Parties of the truth of any of the allegations in the Consolidated Action, or of any liability, fault, or wrongdoing of any kind on the part of any of the Released Parties, or by the Lead Plaintiff of any lack of merit to the claims asserted in the Consolidated Action.

23. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No person that is not a Class Member or Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

24. All funds held in the Escrow Account shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

25. If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and the Stipulation shall be null and void, and without prejudice, and none of their terms shall be effective or enforceable and the facts of the Settlement shall not be admissible in any trial of this Consolidated Action, and the Settling Parties shall be deemed to have reverted to their respective status in this Consolidated Action immediately prior to May 26, 2009 and, except as otherwise expressly provided, the parties shall proceed in all respects as if the Stipulation and any related orders had not been entered, and any portion of the Settlement consideration previously paid or caused to be paid by or on behalf of RAIT and the Individual Defendants, including, but not limited to, any funds disbursed in payment of Litigation Expenses and attorneys' fees, together with any interest earned or appreciation thereon at the same net rate

as earned by the Settlement Fund, less any Taxes paid or due with respect to such amounts, and less Notice and Administration Costs actually incurred and paid or payable, shall be returned to the person who, or entity that, funded the Settlement, in proportion to such contributions, within fifteen (15) business days after written notification of such event by RAIT and/or the Individual Defendants to the Escrow Agent, with a copy of such notice to Lead Counsel, pursuant to the terms of the Escrow Agreement.

26. The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any Claim or right of any person or entity to participate in the distribution of the Net Settlement Fund shall be under the authority of this Court.

27. Pending final determination of whether the Settlement should be approved, Lead Plaintiff and all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action that asserts any Settled Claims against any of the Released Parties.

28. The Court retains exclusive jurisdiction over the Consolidated Action to consider all further matters arising out of or connected with the Settlement.

BY THE COURT:

/S/LEGROME D. DAVIS

LEGROME D. DAVIS, J.

UNITED STATES DISTRICT JUDGE