IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE RAIT FINANCIAL TRUST SECURITIES LITIGATION | Master File No. 2:07-cv-03148-LDD |

## ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES

This matter came for hearing on December 10, 2009 (the "Settlement Hearing") on the application of Lead Counsel to determine, among other things, whether and in what amount to award Lead Counsel in the above-captioned consolidated class action (the "Consolidated Action") attorneys' fees and reimbursement of litigation expenses.

The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that a notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all persons and entities reasonably identifiable, as shown by the records of RAIT's transfer agent(s) and the records of the Underwriter Defendants, at the respective addresses set forth in such records, who acquired the securities of RAIT during the period from June 8, 2006 through August 3, 2007, inclusive, including securities purchased in the January 2007 Stock Offering, the July 2007 Preferred Stock Offering, and the April 2007 Note Offering, and who suffered damages as a result, except those persons or entities excluded from the definition of the Class, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *The Wall Street Journal* and transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and litigation expenses requested.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.  This Order Awarding Attorneys' Fees and Litigation Expenses incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated July 15, 2009 (the "Stipulation") and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.  The Court has jurisdiction to enter this Order Awarding Attorneys' Fees and Litigation Expenses, and over the subject matter of the Consolidated Action and all parties to the Consolidated Action, including all Class Members.

3.  Notice of Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for attorneys' fees and litigation expenses met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.  Lead Counsel is hereby awarded attorneys' fees in the amount of 20% of the $32 million Settlement Amount, with interest thereon at the same net rate as earned by the Settlement Fund from the date the Settlement Fund was funded to the date of payment, which sum the Court finds to be fair and reasonable, and $187,291.29 in reimbursement of litigation expenses, which expenses shall be paid from the Settlement Fund. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a manner which, in the opinion of Lead Counsel, fairly

compensates Plaintiffs' Counsel for their respective contributions in the prosecution and settlement of the Consolidated Action.

       5.       In making this award of attorneys' fees and reimbursement of litigation expenses to be paid from the Settlement Fund, the Court has considered and found that:

       (a)       The Settlement has created a total settlement fund of $32 million in cash that is already on deposit and has been earning interest, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by the efforts of Plaintiffs' Counsel;

       (b)       The fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiff, a sophisticated institutional investor that was substantially involved in all aspects of the prosecution and resolution of the Consolidated Action;

       (c)       To date, over 79,000 copies of the Notice were disseminated to putative Class Members stating that Lead Counsel was moving for attorneys' fees in the amount of 20% of the Settlement Fund and reimbursement of litigation expenses incurred in connection with the prosecution of this Consolidated Action in an amount not to exceed $250,000 and no Class Member objected to Lead Counsel's fee and expense application;

       (d)       Lead Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

       (e)       The Consolidated Action involves complex factual and legal issues and was actively prosecuted for nearly two years and, in the absence of settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(f)     Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the other members of the Class may have recovered less or nothing from the Defendants;

(g)     Plaintiffs' Counsel have devoted 6,104 hours, with a lodestar value of approximately $2,782,000, to achieve the Settlement; and

(h)     The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6.     Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

7.     Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Consolidated Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order, including any further application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the members of the Class.

8.     In the event that the Settlement is terminated or does not become Final in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

9.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

Dated:     Philadelphia, Pennsylvania         /S/LEGROME D. DAVIS
           December 10, 2009                  _____
                                              HONORABLE LEGROME D. DAVIS
                                              UNITED STATES DISTRICT JUDGE