IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE RAIT FINANCIAL TRUST SECURITIES LITIGATION | Master File No. 2:07-cv-03148-LDD |

## JUDGMENT

This matter came for hearing on December 10, 2009 (the "Settlement Hearing"), on the application of the Settling Parties to determine whether the terms and conditions of the Stipulation and Agreement of Settlement dated July 15, 2009 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by Lead Plaintiff against Defendants RAIT Financial Trust ("RAIT"), Betsy Z. Cohen, Daniel G. Cohen, Ellen J. DiStefano, Jack E. Salmon, Edward S. Brown, Frank A. Farnesi, S. Kristin Kim, Arthur Makadon, Daniel Promislo, John F. Quigley III, Murray Stempel III, Friedman, Billings, Ramsey Group, Inc., FBR Capital Markets Corp., Bear, Stearns & Co. Inc., UBS Securities LLC, RBC Capital Markets Corporation, KeyBanc Capital Markets, Stifel, Nicolaus & Company, Inc., BMO Capital Markets Corp., Piper Jaffray & Co., and RBC Dain Rauscher (n/k/a RBC Capital Markets Corporation) ("Settling Defendants") in the Consolidated Class Action Complaint (the "Complaint") now pending in this Court in the above-captioned consolidated class action (the "Consolidated Action"), and should be approved; whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Released Parties and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom, and releasing the Settled Claims as against all Released Parties; and whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class. The Court having considered all matters

submitted to it at the Settlement Hearing and otherwise; and it appearing that a notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all persons and entities reasonably identifiable, as shown by the records of RAIT's transfer agent(s) and the records of the Underwriter Defendants, at the respective addresses set forth in such records, who acquired the securities of RAIT during the period from June 8, 2006 through August 3, 2007, inclusive, including securities purchased in the January 2007 Stock Offering, the July 2007 Preferred Stock Offering, and the April 2007 Note Offering, and who suffered damages as a result, except those persons or entities excluded from the definition of the Class, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *The Wall Street Journal* and transmitted over the *PR Newswire* pursuant to the specifications of the Court.

      NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

      1.    This Judgment hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

      2.    This Court has jurisdiction to enter this Judgment. The Court has jurisdiction over the subject matter of the Consolidated Action and over all parties to the Consolidated Action, including all Class Members.

      3.    The Court hereby affirms its findings in its Order Preliminarily Approving Settlement and Setting Settlement Hearing entered September 8, 2009 (the "Preliminary Approval Order"), that for purposes of the Settlement only, the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that: i) the number of Class Members is so numerous that joinder of all members thereof is impracticable; ii) there are questions of law and fact common to the Class; iii) the claims of the Class

Representative are typical of the claims of the Class it seeks to represent; iv) the Class Representative and Lead Counsel have and will fairly and adequately represent the interests of the Class; v) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and vi) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.  The Court further affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, this action as a class action on behalf of all persons and entities that acquired the securities of RAIT during the period from June 8, 2006 through August 3, 2007, inclusive, including securities purchased in the January 2007 Stock Offering, the July 2007 Preferred Stock Offering, and the April 2007 Note Offering, and who suffered damages as a result.  Excluded from the Class are (i) Defendants; (ii) members of the immediate families of the Individual Defendants; (iii) the subsidiaries and affiliates of the Defendants; (iv) any person or entity who is a partner, executive officer, director, trustee, or controlling person of RAIT or Taberna or of any other Defendant (including any of their subsidiaries or affiliates); (v) any entity in which any Defendant has a controlling interest; (vi) the Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; and (vii) the legal representatives, heirs, successors and assigns of any such excluded party.  Also excluded from the Class are the persons and/or entities who timely and validly requested exclusion from the Class as listed on Exhibit 1 annexed hereto.

5.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the Settlement only, this Court affirms its findings in the Preliminary Approval Order and hereby finally certifies Lead Plaintiff Brahman Capital Corp. as Class Representative, and finally certifies the law firm of Bernstein Litowitz Berger & Grossmann LLP as Class Counsel.

6. Notice of the pendency of this Consolidated Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

7. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Class Members, advising them of the Settlement, the Plan of Allocation, and Lead Counsel's intent to apply for attorneys' fees and reimbursement of Litigation Expenses associated with the Consolidated Action, and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Class Members to be heard with respect to the foregoing matters. Thus, it is hereby determined that all Class Members who did not timely and properly elect to exclude themselves by written communication postmarked or otherwise delivered on or before the date set forth in the Notice and the Preliminary Approval Order, are bound by this Judgment.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Class Members, including

Lead Plaintiff. This Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

9. The Complaint is hereby dismissed with prejudice as against the Released Parties and without costs except for the payments expressly provided for in the Stipulation.

10. The Court hereby finds that the proposed Plan of Allocation of the Net Settlement Fund, as set forth in the Notice, is in all respects, fair and reasonable, and the Court hereby approves the Plan of Allocation. The Court hereby finds that the formula for the calculation of the claims of Claimants that is set forth in the Notice provides a fair and reasonable basis upon which to allocate among Class Members the proceeds of the Settlement Fund established by the Stipulation, with due consideration having been given to administrative convenience and necessity. The parties to the Stipulation are hereby directed to consummate and perform its terms.

11. Lead Plaintiff and the other members of the Class, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall be deemed by operation of law to have released, waived, discharged and dismissed each and every Settled Claim, with prejudice and on the merits with full preclusive effect as to each of the Released Parties, and shall forever be barred, enjoined and restrained from commencing, prosecuting or asserting in the Consolidated Action or any other action or proceeding any or all Settled Claims, against any Settling Defendant and their respective attorneys and any other Released Party.

12. Each of the Settling Defendants and each of the other Released Parties, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall be deemed by operation of law to have released, waived, discharged and dismissed each and every of the Released Parties' Claims, with prejudice and on the merits with full preclusive effect as to Lead Plaintiff and each of the other Class Members and shall forever be barred, enjoined and restrained from commencing, prosecuting or asserting in the Consolidated Action or any other action or proceeding any or all of the Released Parties' Claims, against Lead Plaintiff, each of the other Class Members and each of their respective attorneys.

13. To the maximum extent permitted by law, the Court hereby bars (a) any action or claim for contribution or indemnification arising out of the Consolidated Action against any of the Released Parties and (b) any action or claim for contribution or indemnification arising out of the Consolidated Action by or on behalf of any of the Released Parties. Provided, however, that nothing contained herein shall release or affect in any way existing indemnification and advancement rights and/or claims, if any, between or among the Settling Defendants in connection with (i) any unreimbursed or unpaid Defense Expenses sought in connection with the Consolidated Action, (ii) any Defense Expenses and/or the payment of any settlement or judgment in connection with any claim of a Settlement Class Member that exercises its right to opt out of the Settlement or (iii) any claim or potential claim unrelated to the Consolidated Action.

14. The provisions in this bar order are reciprocal and in the event that any person or entity asserts and is legally not barred by the bar order from bringing any claim(s) or action(s) falling within the scope of this bar order (the "First Person") against any other person (the "Second Person"), this bar order shall not bar, enjoin or restrain the Second Person from

asserting or bringing against the First Person any claim(s) or action(s) falling within the scope of this bar order.

15. Neither this Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein:

a. shall be offered or received against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted against any of the Released Parties in this Consolidated Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Parties;

b. shall be offered or received against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties, or against Lead Plaintiff or any other Class Members as evidence of any infirmity in the claims of Lead Plaintiff or the other Class Members;

c. shall be offered or received against any of the Released Parties, or against Lead Plaintiff or any other Class Members, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Settling Defendants and any other Released Party and Lead Plaintiff and any other Class Member may refer to the

Stipulation to effectuate the protection from liability granted them thereunder or otherwise to enforce the terms of the Settlement;

      d.    shall be construed against any of the Released Parties, Lead Plaintiff or any other Class Members as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

      e.    shall be construed against Lead Plaintiff or any other Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or

      f.    shall be construed as or received in evidence as an admission, concession or presumption that class certification is appropriate in this Consolidated Action, except for purposes of this Settlement.

      16.    The Court reserves jurisdiction, without affecting in any way the finality of this Judgment, (a) over implementation and enforcement of the Settlement; (b) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) hearing and determining Lead Counsel's application for attorneys' fees, costs, interest and expenses, including fees and costs of experts and/or consultants; (e) enforcing and administering this Judgment; (f) enforcing and administering the Stipulation including any releases executed in connection therewith; and (g) other matters related or ancillary to the foregoing.

      17.    Neither RAIT nor any of the Individual Defendants shall have any obligation to make or cause to be made any payment into the Escrow Account except as specifically provided in paragraph 7 of the Stipulation.

18. The Court finds that throughout the course of the Consolidated Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act.

19. A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses as allowed by the Court. Such order shall not disturb or affect any of the terms of this Judgment.

20. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to RAIT and/or the Individual Defendants (or such person or entity responsible for funding the Settlement Amount), and such amount is not replaced by others, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; (b) the fact of the Settlement shall not be admissible in any trial of this Consolidated Action and the Settling Parties shall be deemed to have reverted to their respective status in this Consolidated Action immediately prior to May 26, 2009; and (c) the Settlement Fund plus accrued interest, less any Taxes paid or due with respect to such income, and less Notice and Administration Costs actually incurred and paid or payable, shall be returned in full as provided in paragraph 31 of the Stipulation.

21. Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

22. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated:        Philadelphia, Pennsylvania
December 10, 2009

/S/LEGROME D. DAVIS
_____
HONORABLE LEGROME D. DAVIS
UNITED STATES DISTRICT JUDGE

**Exhibit 1**

**Persons and Entities Excluded from the Class
Pursuant to Requests for Exclusion**

SARASWAT BASU
Woodstock, GA

JAMES M. ELLIS & MAXINE N. ELLIS TTEES
U/A DTD 02/05/04
JAMES & MAXINE ELLIS JT TRUST
Macomb, IL

CLAIRE I GRANT TTEE
CLAIRE I GRANT TRUST
CLAIRE I GRANT TRUST
U/A 12/03/99
Duxbury, MA

JOSEPH H. & HILDA W. COHEN TTEE FBO THE
COHEN FAMILY TRUST DTD OCT 15 1
Redmond, WA

THE ALICE C. HALM TRUST DTD 9/20/1978
Rancho Mirage, CA

JAMES W. RAPP & ESTELLE M. RAPP JT TEN
Lakewood, CA

GRACE SCHUETTNER
St. Louis, MO

CAROL A. SEATON
Tarpon Springs, FL